# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| HAWKINS DIST., INC., *et al*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:16-00107-CG-N |
| ) | |
| McKEE FOODS CORP., *et al*, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on the Motion to Remand and/or Strike (Doc. 15) filed by Plaintiffs Hawkins Distributing, Inc.; Frederic B. Hawkins; Giles Distribution, Inc.; and Eddie Lee Giles, Jr. (collectively, "Plaintiffs"). This motion has been referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and S.D. Ala. GenLR 72(b). In reaching its decision, the Court considers the Notice of Removal (Doc. 1); the Motion to Remand and/or Strike (Doc. 15); the Response in Opposition (Doc. 17) filed by Defendants McKee Foods Corporation, William Clark, and Mike Palmer (collectively, "Defendants"); Plaintiffs' Reply in Support (Doc. 19); and related exhibits. Upon consideration, and for the reasons stated herein, the undersigned **RECOMMENDS** that the Motion to Remand be **DENIED** and that the alternative Motion to Strike be **DENIED**.

## I. Background

Defendant McKee Foods Corporation (hereafter, "McKee") entered into a distribution agreement with Hawkins Distributing, Inc., on September 12, 2008.

Doc. 1-1 at 10. This action was originally brought in Mobile County Circuit Court on February 4, 2016. Doc. 1-1 at 10. The original complaint alleged only state-law claims and did not allege a specific amount of damages. Doc. 1-1 at 2-7. An amended complaint was filed on March 2, 2016, joining Lee Giles Distribution, Inc., which was likewise a McKee distributor. Doc. 1-1 at 81-83. The amended complaint alleges, in sum, actionable violations under the Fair Labor Standards Act of 1938 ("FLSA"; 29 U.S.C. §§ 201, *et seq*), in addition to state-law actions. Doc. 1-1 at 81-99. Defendants removed this action to this Court on March 11, 2016. Doc. 1 at 1. The notice of removal alleges that this Court has federal question jurisdiction in this action under 28 U.S.C. § 1331 and alternatively alleges the existence of diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1 at 3-5. On April 11, 2016, Plaintiffs filed the present Motion to Remand and/or Strike, alleging removal is improper based on procedural defects under 28 U.S.C. §§ 1441 and 1446. Doc 15. On April 26, 2016, Defendants responded in opposition, arguing that the alleged procedural defects do not deprive this Court of jurisdiction or warrant remand. Doc. 17 at 4. Finally, Plaintiffs filed a reply in support on May 2, 2016. Doc. 19. The Motion has been fully briefed and is now ripe for the Court's consideration.

## II. <u>Standard of Review</u>

"It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of*

2

*S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). One such Congressional grant of jurisdiction is found in 28 U.S.C. § 1332(a)(1), which provides that federal "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . ."

Generally, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). *See also Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1060 (11th Cir. 2010) ("If a state-court complaint states a case that satisfies federal jurisdictional requirements, a defendant may remove the action to federal court pursuant to 28 U.S.C. § 1446(b).").[1] "Just as a plaintiff bringing an original action is bound to assert jurisdictional bases under Rule 8(a), a removing defendant must also allege the factual bases for federal jurisdiction in its notice of removal under [28 U.S.C. ]§ 1446(a)[,]" *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1216-17 (11th Cir. 2007), and "bears the burden of proving that federal jurisdiction exists." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). The district court must evaluate all factual issues and questions of controlling substantive law in favor of the plaintiff. *Coker v. Amoco Oil Co.*, 709 F.2d 1443, 1440 (11th Cir. 1983) *citing Bobby Jones Garden Apartments*, 391 F.2d 172, 177

---

[1] Like the present action, *Roe* expressly considered the propriety of removal "under the first paragraph of § 1446(b) . . . " 613 F.3d at 1061 n.4.

(11th Cir. 1968). Moreover, the law is clear that, " '[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court.' " *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (quoting *Univ. of S. Ala.*, 168 F.3d at 411 (citation omitted)).

### III. Analysis

*A. Alleged Defects*

    *i. Defects Alleged Under 28 U.S.C. § 1446(a)*

        a. Date of Service

Plaintiffs first argue that the Notice of Removal does not meet the requirement of a "short and plain statement of the grounds for removal" (28 U.S.C. § 1446(a)) because it alleges an incorrect service date, in violation of FED. R. CIV. P. 11. Doc. 15 at 6. The Notice of Removal states that "[o]n March 7, 2016, Plaintiffs served the amended Complaint on Defendants' counsel by email." Doc. 1 at 3. Plaintiffs contend that service was perfected on March 4, 2016, and that Defendants were aware of this fact and failed to correct the Notice of Removal. Doc. 15 at 6. Defendants reply that while service was attempted on Defendants on March 4, it was not completed until March 7. Doc. 17 at 7.

The service of process at issue deals with the Amended Complaint and was attempted prior to removal from state court. *See* Doc. 1 at 1, 3. Plaintiffs' counsel were aware, on or before March 2, 2016, that Defendants were represented by

4

counsel. *See* Doc. 15 at 6. Alabama Rules of Civil Procedure require that "every pleading subsequent to the original complaint . . . shall be served upon each of the parties." ALA. R. CIV. P. 5(a). However, the same rules also require that where "service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party is ordered by the court." ALA. R. CIV. P. 5(b). Plaintiffs have made no showing that service on the parties was ordered by the Mobile County Circuit Court and were aware that parties were represented. *See* Doc. 15 at 6. Thus service was required to be on Defendants' counsel. *See* ALA. R. CIV. P. 5(b). Thus, the service attempted on Defendants' registered agents on March 4 was ineffectual. *Id. compare* Doc. 17 at 7. Thus, service was completed on March 7, 2016, when Defendants' counsel received the amended complaint by email. ALA. R. CIV. P. 5(b) *compare* Doc. 15-1 at 6. Since service was note perfected on Defendants until March 7, 2016, Defendants correctly stated the service date in the Notice of Removal. *See* Doc. 1 at 3.

### b. Failure to Attach Service Documents

Plaintiffs next contend that Defendants violated 28 U.S.C. § 1446(a) by failing to attach to the Notice of Removal, in its filing with this Court, a "copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Doc. 15 at 8. Namely, Plaintiffs contend that Defendants failed in the 28 U.S.C. § 1446(a) requirement by failing to attach "any of the service documents pertaining to the Defendants," which might prove the date of service. Doc. 15 at 8. By "service documents," Plaintiffs appear to mean the United States Postal Service

"green cards" proving the attempted service by certified mail on March 4 and the emails indicating electronic service of the Amended Complaint. *See* Doc. 15 at 7. In making their argument, Plaintiffs rely on *Andalusia Enterprises, Inc. v. Evanston Ins. Co.*, which was remanded to state court, in part, because the removing party failed to include with the notice of removal the summonses that had been served on defendants. 487 F. Supp. 2d 1290, 1300 (N.D Ala. 2007).

Plaintiff is incorrect in asserting that these "service documents" are "process, pleadings, and orders served upon [a] defendant." Doc. 15 at 8 *compare* 28 U.S.C. § 1446(a). The summonses discussed in *Andalusia* were process that had been served on the defendants in that action. 487 F. Supp. 2d at 1300 *accord* 28 U.S.C. § 1446(a). The documents at issue here are proof of service of process that are filed with a court to show that service has been attempted or completed; they are not process themselves. Doc. 15 at 6, 8 *compare* 28 U.S.C. § 1446(a). The removing parties here have filed with this Court the entire state court record as it existed at the time of removal. Doc. 1-1. Additionally, this Court is now in possession of the service documents at issue. *See* Doc. 15-1. Accordingly, Plaintiffs' arguments are unavailing and no defects pursuant to 28 U.S.C. 1446(a) are present in the removal of this action.

*ii. Defects Alleged Under 28 U.S.C. § 1446(d)*

a. Effectiveness of Notice of Filing Notice of Removal

Plaintiffs also allege that the Notice of Filing Notice of Removal is defective under 28 U.S.C. § 1446(d). First, Plaintiffs argue that the Notice of Filing Notice of

6

Removal is a "nullity" because one of the attorneys listed as "Of Counsel" for the Defendants was Justin L. Furrow, who is an attorney admitted to practice in Tennessee, but not admitted to practice before Alabama state courts. Doc. 15 at 9; Doc. 5 at 3. In making their argument, Plaintiffs rely on several opinions holding that the filing of a document by a foreign attorney renders said filing null. Doc. 15 at 10 *citing Black v. Baptist Medical Center*, 575 So. 2d 1087, 1088 (Ala. 1991); *Ex parte Taylor*, 157 So. 3d 122, 125 (Ala. 2008); *Smith v. Comm'r, Ala. Dept. of Corr.*, 703 F.3d 1266, 1273 (11th Cir. 2013); *and Melson v. Comm'r*, 713 F.3d 1086, 1087 (11th Cir. 2013).

Rule VII(a) of the Rules Governing Admission to the Alabama State Bar states that

> [a]n attorney or counselor-at-law who is not licensed in good standing to practice law in Alabama, but who is currently a member in good standing of the bar of another state . . . may appear as counsel pro hac vice in a particular case before any court or administrative agency in the State of Alabama upon compliance with this rule . . . .

The Supreme Court of Alabama has consistently held that the requirements for *pro hac vice* application must be strictly adhered to. *Black*, 575 So. 2d at 1088 *accord Ex parte Taylor*, 157 So. 3d at 125. Where those requirements are not met, a foreign attorney is not admitted *pro hace vice* and any document filed in Alabama courts by that attorney are null. *Id.* The analysis concerning nullity relative to Rule VII(a) focuses on the admission status of the attorney that actually signed a challenged filing (*Smith v. Comm'r, Ala. Dept. of Corr.*, 703 F.3d at 1273 *accord Ex parte Taylor* 157 So. 3d at 125) and in no case was a filing null where a party had associated local counsel. *See id., Black*, 575 So. 2d at 1088, *Melson*, 713 F.3d at 1087. Both the

7

Notice of Removal filed in this Court and the Notice of Filing Notice of Removal filed in Mobile County Circuit Court listed Justin L. Furrow as being "Of Counsel". Doc. 1 at 23; Doc. 5 at 2-3. However, both of those documents were signed by Cecily L. Kaffer, a duly-admitted member of the Alabama State Bar and the bar of this Court. *Id.* Since the Notice of Filing Notice of Removal was signed and filed by a regular member of the bar of this state, the requirements of Rule VII(a) are met and the filing is valid. *See Black*, 575 So. 2d at 1088.

b. Application of Court's *pro hac vice* admission requirements

Plaintiffs also argue that Justin L. Furrow violated this Court's *pro hac vice* admission requirements because his name appeared on the Notice of Removal as "Of Counsel" with the notation "Application[] for admission to this Court to be filed." Doc. 15 at 10 *compare* Doc. 1 at 23. Similarly, Plaintiffs contend that Mr. Furrow made an appearance in state court, without proper admissions, when his name was included on the Notice of Filing Notice of Removal. Doc. 19 at 3 *compare* Doc. 5 at 2. This Court's General Local Rule 83.3 states that

> [a]ny [foreign] attorney who appears as counsel by filing any pleading, document, or other paper in any case pending in this Court shall, contemporaneously with the filing or such papers, apply for admission *pro hac vice* as set out herein.

S.D. Ala. GenLR 83.3(d)(3). The rule, by its plain language, applies the requirement of a contemporaneous *pro hac vice* application to a foreign attorney who *files* a document in this Court. *See id.* The Notice of Removal was filed by attorney Cecily L. Kaffer, not Mr. Furrow. Doc. 1 at 23. As such, no violation of S.D. Ala. GenLR 83.3(d)(3) occurred. Mr. Furrow later filed for and was granted *pro hac vice*

8

admission. Docs. 13, 14. The question of whether Mr. Furrow appeared in state court has no bearing on this removal (*see* nullity analysis, *supra*, *and* 28 U.S.C. 1441(d)), the Court does not take it up here.

### c. Complaint Attached to Notice of Filing Notice of Removal

Plaintiffs alternatively argue that the Notice of Filing Notice of Removal is ineffective because it fails to serve the notice requirements of 28 U.S.C. § 1446(d). Doc. 15 at 11. The statute requires that

> [p]romptly after the filing of [a] notice of removal of a civil action [in federal court] the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446(d). Defendants filed with Mobile County Circuit Court a copy of the notice of removal that was not stamped by the Clerk of this Court. *See* Doc. 15-2. Plaintiffs argue that the filing of this unstamped Notice of Removal failed to place the state court on notice that the Notice of Removal had actually been filed in this Court. Doc. 15 at 11-12. Plaintiffs cite *Crear v. U.S. Bank National Association* in support of their argument (Doc. 15 at 12); however, the Notice of Removal in that action was unsigned by counsel and a copy of the Notice of Removal was not included *at all* with the Notice of Filing Notice of Removal. No. 05-13-01683, 2015 WL 1137886, at *2 (Tex. App. Mar. 13, 2015). The statute in question requires only that the removing parties "file a copy of the notice [of removal]" with the appropriate state court clerk (28 U.S.C. § 1446(d)), which was done here. *See* Doc. 5 *and* Doc. 15-2. No indication is made in the statute that the copy of the Notice of Removal must be stamped by the federal court clerk, but rather only that it must be

9

an exact duplicate of the Notice of Removal that was actually filed in federal court. *See* 28 U.S.C. § 1446(d). As such, the Notice of Filing Notice of Removal filed in the case meets all statutory requirements. *See id. compare* Doc. 5 *and* Doc. 15-2.

*iii. Effect of Defects in Removal*

Plaintiffs' arguments for remand are unavailing. *See, supra.* There have been no procedural defects in the removal of this case. *Id.* However, assuming *arguendo* there were minor procedural defects in this action, they would not warrant remand. *See Hooker v. Sec'y, Dept. of Veterans Affairs*, 599 Fed. App'x 857, 860 (11th Cir. 2014). Plaintiffs rely, in part, on cases decided in other federal districts in Alabama for their contention that the procedural defects unsuccessfully alleged in this case warrant remand. Doc. 15 at 5-6, 9 *citing Kisor v. Collins*, 338 F. Supp. 2d 1279, 1281 (N.D. Ala. 2004), *Beard v. Lehman Bros Holdings, Inc.*, 458 F. Supp. 2d 1314, 1318 (M.D. Ala. 2006), *and Andalusia Enterprises Inc.*, 487 F. Supp. 2d at 1300.[2] However, established Eleventh Circuit precedent states that

> '[r]emoval proceedings are in the nature of process to bring the parties before the Federal Court and . . . mere modal or procedural defects are not jurisdictional . . . and are completely without effect upon the removal, if the case is in its nature removable.'

---

[2] These cases can, in any case, be distinguished from the present action. *Kisor* and *Andalusia Enterprises, Inc.* were remanded because the notice of removal failed to include "process" [the summons served on defendant(s)] as required by 28 U.S.C. § 1446(a), whereas all process was included here. 338 F. Supp. 2d at 1280 *and* 487 F.Supp. 2d at 1300 *compare supra*. *Beard* was remanded because the notice of removal was not personally signed by any attorney and removal was not timely consented to by all defendants, whereas those requirements are met here. 458 F. Supp. 2d at 1319-21 *compare* Doc. 1 at 23.

*Hooker*, 599 Fed. App'x at 860 *quoting Covington v. Indem. Ins. Co. of N. Am.*, 251 F.2d 930, 933 (5th Cir. 1958).³ Even " 'the failure to include all state court pleadings and process with the notice of removal is procedurally incorrect but is not a jurisdictional defect.' " *Hooker*, 599 Fed. App'x at 860 *quoting Cook v. Randolph Cnty., Ga.*, 573 F.3d 1143, 1150 (11th Cir. 2009). "Any documents missing from the removal record can be supplied at a later time. *Hooker*, 599 Fed. App'x at 860 *citing Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286 (11th Cir. 1985) *and Covington*, 251 F.2d at 933. Thus, even if all the procedural defects alleged by the Plaintiffs were present, they would not be cause for the remand of the present action. *See Hooker*, 599 Fed. App'x at 860.

### B. Subject-Matter Jurisdiction

In the Notice of Removal, Defendants allege both federal-question jurisdiction and diversity jurisdiction as alternative bases for this Court's subject-matter jurisdiction. Doc. 1 at 3, 5. As discussed below, the Court is satisfied that federal-question subject-matter jurisdiction exists under the FLSA and therefore does not reach the issue of diversity jurisdiction.

This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Count 1 of the Amended Complaint alleges violations of the FLSA, a federal statute. Doc. 1-1 at 91-93 *citing* 29 U.S.C. §§ 201-19. The other counts in the Amended Complaint are based in state law. Doc. 1-1 at 93-99.

---

³ The Eleventh Circuit has adopted as binding all decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). "In deciding whether a state law claim is part of the same case or controversy as a federal issue, [the Court looks] to whether the claim arise from the same facts, or involve similar occurrences, witnesses or evidence." *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996). The FLSA claim and the state-law claims alleged in the Amended Complaint arise from the same business relationships between manufacturer and distributors and deal with the same fact allegations. Doc. 1-1 at 83-99. Accordingly, this Court has supplemental jurisdiction over the related state-law claims. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1367(a) *accord Hudson*, 90 F.3d at 455. Since the Court has jurisdiction over each part of action, the Court does not reach the Defendants' arguments that alternative subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

## IV. Conclusion

In accordance with the above-stated analysis, the undersigned **RECOMMENDS**:

1. that the Motion to Remand be **DENIED**; and
2. that the alternative Motion to Strike the Notice of Removal be **DENIED**.

## V. Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything

in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. GEN. L.R. 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 16th day of August 2016.

/s/ Katherine P. Nelson  
**KATHERINE P. NELSON**  
**UNITED STATES MAGISTRATE JUDGE**